Zimmerman, J.,
 

 dissenting. In 43 Corpus Juris, 492, under the title “Municipal Corporations,” Section 745, this statement appears: “The organization of the common council or governing body must be effected in conformity to the provisions of the charter or of the general law.” To the same effect is
 
 State, ex rel. Southey,
 
 v.
 
 Lashar,
 
 71 Conn., 540, 42 A., 636, 44 L. R. A., 197.
 

 Section 30 of the Charter of the city of Cleveland provides:
 

 “At the first meeting in January following a regular municipal election,
 
 the Council
 
 shall elect one of its members President # *
 
 *.
 
 In the absence of the President
 
 the Council
 
 shall elect a President pro tempore.” (Italics mine.)
 

 As I interpret this section participation in the election of a president is confined to
 
 the coumcil,
 
 as represented by its elected members, and there is no authority, express or implied, for one who was clerk of the council during the preceding year, not a member of that body, to act as presiding officer over any of its deliberations. .
 

 Unlike a state legislature for instance, a municipal
 
 *211
 
 council is a continuous body. 19 Ruling Case Law, 893; 43 Corpus Juris, 491.
 

 The uneontradicted assertion was made upon the oral argument of this case that the member of the council who served as its elected president during the year 1935 was still a member of that group on January 6, 1936, and present at the meeting on such date. Nothing to the contrary appearing in the charter he continued in the position of president until the election of his successor. Section 8, General Code. He was the only person authorized and qualified to preside over the meeting of January 6, 1936, when his successor was to be chosen.
 

 In my opinion the attempted election of_ji council president on January 6, 1936, was conducted in such an irregular, confused, indecisive and unsatisfactory manner as to have resulted in no election at all. Another election should be held by the council properly organized, under rules agreed upon and clearly understood in advance of the balloting.
 

 Hence, a judgment of ouster should issue against the cross-petitioner Artl, and the petition of Reed and answer of DeMaioribus should be dismissed.